# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00163-NJR |
| SIERRA SENOR-MOORE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff, Steven D. Lisle, Jr., filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Lisle asserts claims under the Eighth Amendment for deliberate indifference to serious medical needs, intentional disregard of a known suicide risk, and use of excessive force. He also alleges Illinois state law negligent spoliation claims. This matter is now before the Court for consideration of Defendants' Motion to Dismiss, or in the alternative, to Sever, Counts 1-6 (Doc. 56), and Motion to Dismiss Counts 7, 8, and 9 (Doc. 55).

## The Complaint

Lisle is a mentally ill inmate who has a history of suicide attempts that includes self-mutilation.[1] (Doc. 1, p. 3). He uses sharp objects found in his cell to inflict internal and external injuries. (Doc. 1, pp. 3-4). Dr. Siddiqui, Dr. Levey, Mental Health Worker Hill, Nurse Schott, and Warden Lashbrook know it is unsafe to place him on suicide watch in North II because he has access to sharp objects that he can use to inflict internal and external injuries, which he has done

---

[1] *See, e.g., Lisle v. Goldman*, SDIL Case No. 18-cv-01736-NJR-MAB (injuries from sharp objects found in cell); *Lisle, Jr. v. Butler*, SDIL Case No. 16-cv-00422-NJR-DGW (injuries from swallowing razorblades); *Lisle v. Butler*, SDIL Case No. 15-cv-00965-MJR-SCW (three suicide attempts).

repeatedly. (Doc. 1, pp. 3-11). Lisle has been placed on suicide watch in North II despite the unsafe conditions there. *Id.*

In January 2019, Lisle used a metal screw to cut himself and then swallowed the screw. (Doc. 1, pp. 3-4). After the screw passed in a bowel movement, he swallowed it again. *Id*. Siddiqui, Levey, Hill, Schott, and Lashbrook were aware Lisle had swallowed the metal screw and that he had been placed on suicide watch in North II. Despite this knowledge, they took no action to transfer him from North II to the health care unit where he would be under continuous observation. (Doc. 1, pp. 3-11). On January 3, 2019, Lisle again used the screw to cut himself in a suicide attempt while in North II. (Doc. 1, p. 4). Nurse B witnessed his injuries but refused to provide medical care. (Doc. 1, pp. 4-5).

On January 7, 2019, Lisle caught Nurse Chitty giving him altered medication in an attempt to poison him. (Doc. 1, pp. 8, 11-12). The Effexor capsule she gave him had been opened and contained an unknown white powdery substance. *Id.* He confronted her and grabbed the medication. *Id*. Another nurse looked at the white powdery substance, stated it was not his medication and could be deadly, and walked away when Lisle told her that he wanted the substance tested. (Doc. 1, p.16). Nurse Chitty asked officers to assault Lisle to retrieve and/or destroy the poisoned medication. (Doc. 1, pp. 8-9, 11-12). Officers Walker, Engelage, Brooks, Major, and John Does (correctional officers) assaulted Lisle in an attempt to retrieve and/or destroy the evidence. (Doc. 1, pp. 8-9, 11-12, 14-14). During the assault, Lisle was punched, kicked, and choked. (Doc. 1, p. 7-9).

Lisle filed two grievances placing Warden Lashbrook on notice to save camera footage in the North II suicide watch unit from the 3:00 – 11:00 p.m. shifts on January 3, 2019, and January 7, 2019. (Doc. 1, p. 12). Despite the notice, Lashbrook destroyed the camera footage. *Id*.

Sometime after the January 7 incidents, Lisle mailed samples of his blood and the white powdery substance to Sierra Senor-Moore, Office of the Attorney General, State of Illinois, and requested the substance be tested. (Doc. 1, pp. 12-14, 25). Lisle notified the Court and all parties in SDIL case no. 18-cv-1736-NJR that he had mailed the letter to Senor-Moore. *Id*. Thereafter, Assistant Attorney General Christopher Higgerson notified Lisle that the letter had been received and destroyed because it potentially contained hazardous materials. (Doc. 1, p. 25).

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Lisle was allowed to proceed on the following claims:

> Count 1: Eighth Amendment deliberate indifference claim against Siddiqui and Levey for failing to place Lisle in the health care unit for continuous observation after he swallowed a metal screw he had used in a suicide attempt in January 2019.
>
> Count 2: Eighth Amendment deliberate indifference claim against Nurse B for denying Lisle medical treatment for injuries he sustained during a suicide attempt on January 3, 2019.
>
> Count 3: Eighth Amendment deliberate indifference claim against Walker, Engelage, Brooks, Major, and John Does for denying Lisle medical treatment for injuries they inflicted on January 7, 2019.
>
> Count 4: Eighth Amendment excessive force claim against Walker, Engelage, Brooks, Major, and John Does for assaulting Lisle by punching, kicking, and choking him on January 7, 2019.
>
> Count 5: Eighth Amendment excessive force claim against Chitty for attempting to poison Lisle and inciting Walker, Engelage, Brooks, Major, and John Does to assault him on January 7, 2019.
>
> Count 6: Eighth Amendment intentional disregard of a known suicide risk claim against Hill, Schott, Levey, and Lashbrook for allowing Lisle to be placed in the North II suicide watch unit which posed dangers to his health and safety in January 2019.
>
> Count 7: Illinois state law negligent spoliation claim against Chitty, Brooks, Walker, Engelage, Major, John Does, and Jane Doe for failing to preserve and/or destroying the white powdery substance Chitty used in an attempt to poison Lisle.

Count 8:    Illinois state law negligent spoliation claim against Lashbrook for destroying camera footage from the North II unit on January 3, 2019 and January 7, 2019 despite Lisle's request that it be saved.

Count 9:    Illinois state law negligent spoliation claim against Senor-Moore and Higgerson for destroying samples of blood and a white powdery substance that Lisle mailed to the Office of the Attorney General, State of Illinois, to be tested.

## **Motion to Dismiss Counts 7, 8, and 9**

When considering a motion to dismiss, the Court accepts all factual allegations in the complaint to be true and draws all reasonable inferences in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). It is well established that *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Defendants contend the negligent spoliation claims in Counts 7, 8, and 9, which arise under Illinois state law, are barred by the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1. Under that law, the State of Illinois is immune from suit in any court, except as provided in the Illinois Court of Claims Act, 705 Ill. Comp. Stat. 505/8 (and other statutes not relevant here), which vests jurisdiction over state tort claims against the state in the Illinois Court of Claims. A claim against a state official or employee is a claim against the state when "'(1) [there are] no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) ... the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.'" *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016) (quoting *Healy v. Vaupel,* 133 Ill.2d 295, 140 Ill.Dec. 368, 549 N.E.2d 1240, 1247 (1990) (quoting *Robb v. Sutton,* 147 Ill.App.3d 710, 101 Ill.Dec. 85, 498 N.E.2d 267, 272 (1986)). "Sovereign immunity affords no protection when agents of the state have acted in

4

violation of statutory or constitutional law or in excess of their authority." *Leetaru v. Board of Trustees of University of Illinois*, 392 Ill.Dec. 275, 32 N.E.3d 583 (Ill. 2015).

The allegations in the Complaint indicate Defendants acted beyond the scope of their authority through wrongful acts in destroying evidence. Additionally, Lisle alleges Defendants Chitty, Walker, Engelage, Brooks, and Major violated the Eighth Amendment by using excessive force in their efforts to destroy evidence. Accordingly, the Motion to Dismiss Counts 7, 8, and 9 will be denied.

### Motion to Dismiss, or in the alternative to sever, Counts 1-6

Defendants contend that the claims in Counts 1-6 are improperly joined and seek dismissal of the Complaint. In the alternative, Defendants seek severance of the claims. Because Defendants' motion to dismiss Counts 7, 8, and 9 has been denied, the Court will also consider whether those claims are improperly joined and should be dismissed or severed. Lisle opposes the motion and argues the claims culminate from a series of related transactions.

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. *See* Fed. R. Civ. P. 20; *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607; 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978). District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of

Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The Court finds that there are improperly joined claims and exercises its discretion to sever the following claims into a separate action:

Count 1: Eighth Amendment deliberate indifference claim against Siddiqui and Levey for failing to place Lisle in the health care unit for continuous observation after he swallowed a metal screw he had used in a suicide attempt in January 2019.

Count 2: Eighth Amendment deliberate indifference claim against Nurse B for denying Lisle medical treatment for injuries he sustained during a suicide attempt on January 3, 2019.

Count 6: Eighth Amendment intentional disregard of a known suicide risk claim against Hill, Schott, Levey, and Lashbrook for allowing Lisle to be placed in the North II suicide watch unit which posed dangers to his health and safety in January 2019.

Additionally, the Court has divided Count 8 into two claims. Count 8, as revised below, is included with the severed claims.

Count 8: Illinois state law negligent spoliation claim against Lashbrook for destroying camera footage from the North II unit on January 3, 2019 despite Lisle's request that it be saved.

Counts 3, 4, 5, 7, and 9 will remain in this action. The part of Count 8 relevant to the claims remaining will proceed as Count 10 in this action:

Count 10: Illinois state law negligent spoliation claim against Lashbrook for destroying camera footage from the North II unit on January 7, 2019 despite Lisle's request that it be saved.

## Disposition

**IT IS HEREBY ORDERED** that the Motion to Dismiss Counts 7, 8, and 9 is **DENIED**, and the Motion to Dismiss Counts 1-6 is **DENIED.**

**IT IS ORDERED** that the Motion to Sever is **GRANTED**; Counts 1, 2, 6, and 8 shall be severed into a new case against Defendants Siddiqui, Levey, Nurse B, Hill, Schott, and Lashbrook. The Clerk of Court is **DIRECTED** to file the following documents into the newly severed case:

1) Complaint (Doc. 1);

2) Motion for Leave to Proceed *in forma pauperis* (Doc. 3);

3) Memorandum and Order dated March 20, 2019 (Doc. 22); and

4) This Memorandum and Order.

**IT IS FURTHER ORDERED** that the claims remaining in this action are Counts 3, 4, 5, 7, 9, and 10 against Defendants Walker, Engelage, Brooks, Major, John Does, Jane Doe, Chitty, Lashbrook, Senor-Moore, and Higgerson The Clerk of Court is **DIRECTED** to **TERMINATE** Siddiqui, Levey, Nurse B, Hill, and Schott as parties in this action.

**IT IS SO ORDERED.**

DATED:  November 14, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**